***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 23, affirmed August 10, 2022

In the Matter of J. T. K., Jr.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

J. T. K., Jr.,
*Respondent,*

*v.*

C. L. L.,
*Appellant.*

Coos County Circuit Court
21JU01924; A177412

Andrew E. Combs, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, Inge D. Wells, Assistant Attorney General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent Department of Human Services.

G. Aron Perez-Selsky filed the brief for respondent J. T. K., Jr.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Mother appeals from a judgment terminating her parental rights to her child. Parental rights may be terminated if the court finds that the parent is "unfit by reason of conduct or condition seriously detrimental to the child" and integration of the child "into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change," ORS 419B.504, and "if the court finds [that termination] is in the best interest of the ward," ORS 419B.500(1). The "assessment of a child's best interests must be child-centered" and takes into consideration the unique facts and circumstances of each case. *Dept. of Human Services v. T. M. D.*, 365 Or 143, 166, 442 P3d 1100 (2019).

On appeal, mother challenges only the juvenile court's determination that termination is in child's best interest, arguing that the Department of Human Services (DHS) failed to present clear and convincing, child-specific evidence that terminating mother's parental rights is in child's best interests. Our review is *de novo*, which means that we "examine the record with fresh eyes to determine whether the evidence developed below persuades us" that termination is in child's best interest. *Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019). Our role is therefore, "for the most part, identical to that of the juvenile court," and we "must be persuaded by the evidence that it is highly probable that termination of mother's parental rights" is in child's best interest here. *Id.*

In undertaking our *de novo* review of the record, mother urges us to not give weight to the testimony of a DHS caseworker who testified that she understood that a child's need for permanency could only be satisfied by adoption. Mother's argument is well taken. The DHS caseworker's understanding of guardianship is incorrect. As in the past, we continue to emphasize that a permanent guardianship is not a temporary arrangement, and a parent cannot seek to vacate it. ORS 419B.365(2); ORS 419B.368(7); *see Dept. of Human Services v. D. F. R. M.*, 313 Or App 740, 745, 497 P3d 802, *rev den*, 368 Or 702 (2021) (explaining

that a child's need for permanency may be fulfilled through a permanent guardianship). Accordingly, we do not rely on the DHS caseworker's misunderstanding of the law in our *de novo* review.

A detailed discussion of the facts would not benefit the parties or the development of the law. As we have recognized, "fact-matching" is discouraged in termination cases because parties and the courts should instead focus on the ways in which the facts and circumstances play out in each individual case. *See T. M. D.,* 365 Or at 167 (Balmer, J., concurring) (writing that "fact-matching" is discouraged in termination cases that should instead focus on "the subtleties of a given case").

After reviewing the entirety of the record *de novo*, we conclude that termination of mother's parental rights is in the child's best interest.

Affirmed.